**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. No. 05- 115T** |
| | : | |
| **ADAM WHITE** | : | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B)of the Federal Rules of Criminal Procedure, the United States and Defendant, ADAM WHITE have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will plead guilty to the Count of the Indictment, which charges Defendant with possession with intent to distribute over fifty grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

b. The defendant agrees that he will not seek to vacate any prior criminal convictions, including, but not limited to, his 1989 North Carolina conviction for breaking and entering (criminal case number 1988CRS012120); his 2001 North Carolina conviction for trafficking in cocaine (criminal case number 2000CRS007873); his 1985 Massachusetts conviction for breaking and entering (docket number 53126); his 1986 Massachusetts conviction for breaking and

entering docket number 31570); his 1987 Massachusetts conviction for possession of a controlled substance (docket number 86CR4870C); his 1987 Massachusetts conviction for breaking and entering (docket number JR860011A); his 1994 Massachusetts conviction for assault and battery on a police officer, possession of a controlled substance, and possession with intent to distribute a controlled substance (docket number 298436); his 1995 Massachusetts conviction for possession to distribute a controlled substance (docket number 300074); his 1992 conviction for assault and battery on a police officer (docket number 306513); his 1994 Massachusetts conviction for assault with a dangerous weapon (docket number 319402); his 1993 Massachusetts conviction for cocaine trafficking (docket number 92621); his 1994 Massachusetts conviction for possession with intent to distribute cocaine (docket number 94309); his 1995 Massachusetts conviction for assault and battery on a police officer (docket number 9415JC306513); his 1995 Massachusetts conviction for possession of a class B controlled substance (docket number 9415JC306511); his 1995 Massachusetts conviction for trafficking in a controlled substance (docket number 95246); his 1995 Massachusetts conviction for assault and battery on a correctional officer (docket number 95387); and his 1995 Massachusetts conviction for escape (docket number 95386).

c. The defendant further agrees that he will neither seek a downward departure under the guidelines nor advocate for a sentence below the guideline range.

d. The defendant hereby agrees and acknowledges that he is ineligible for any relief from a statutory minimum mandatory sentence or for a reduction of his guideline offense level pursuant to the "safety valve" provisions set forth in 18 U.S.C. § 3553(f) and USSG §§ 2D1.1(b)(7) and 5C1.2.

e. The defendant hereby agrees and acknowledges that he is a career offender as defined in USSG § 4B1.1 and that he will not contest that.

f. Defendant further agrees:

(i) to forfeit all interests in any drug-related asset that Defendant currently owns, has previously owned, or over which Defendant currently, or has in the past, exercised control, directly or indirectly, and any property Defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of Defendant's offense, including but not limited to the following specific property: 1999 black Ford Explorer, Vehicle Identification Number (VIN) 1FMZU34E6XUB99508, Rhode Island registration ZQ-622; 2005 red Yamaha YZFRIT motorcycle, Vehicle Identification Number (VIN) JYARN13E95A014353, Massachusetts registration PZ2595; 1998 green Jaguar, Vehicle Identification

Number (VIN) SAJKX6242WC825361, Massachusetts registration 87RS40; $1,718 in United States currency seized from Defendant's person at the time of his arrest on September 21, 2005; and $7,000 in United States currency seized from Defendant's night stand at 163 Rutherglen Avenue, Providence, Rhode Island, 1st floor. Defendant warrants that Defendant is the sole owner of all of the property listed above, and agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(ii) to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(iii) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal

conduct, property facilitating illegal conduct, and/or property involved in illegal conduct giving rise to forfeiture.

2. Government's Obligations. In exchange for Defendant's plea/s of guilty:

a. The government will recommend that the Court impose a term of imprisonment at the lowest point of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines. If however, the Court departs below the guideline range set forth in the Presentence Report, the government will then be free to recommend any term of imprisonment within the applicable guideline range found by the Court.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government

will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government agrees that it will not file a sentencing enhancement information pursuant to 21 U.S.C. § 851. The defendant understands that, based upon his prior felony drug convictions, if the government did file the sentencing enhancement information, he would be subject to a mandatory minimum sentence of life on the Count of the Indictment.

e. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

a. The substance involved in Count I is 56.1 grams of cocaine base in the form of crack cocaine and the

government would have proven that fact beyond a reasonable doubt;

b. The 1999 black Ford Explorer, Vehicle Identification Number (VIN) 1FMZU34E6XUB99508, Rhode Island registration ZQ-622 seized at the time of Defendant's arrest was used in furtherance of the drug trafficking crime charged in the Indictment and the government would have proven that fact beyond a reasonable doubt;

c. The 2005 red Yamaha YZFRIT motorcycle, Vehicle Identification Number (VIN) JYARN13E95A014353, Massachusetts registration PZ2595; and the 1998 green Jaguar, Vehicle Identification Number (VIN) SAJKX6242WC825361, Massachusetts registration 87RS40 were each paid for and maintained by Defendant at least in part by the proceeds of drug trafficking and the government would have proven those facts beyond a reasonable doubt;

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offense to which defendant is pleading are imprisonment for life, with a mandatory

minimum term of 10 years imprisonment; a fine of $4,000,000; a term of supervised release for life with a mandatory minimum term of 5 years; and a mandatory special assessment of $100

7. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected

from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

9. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offenses to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

10. The government reserves its full right of allocution,

including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11. Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

13. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

18. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's

Counsel, understands it, and agrees to its provisions.

ADAM WHITE
Defendant
Date: 2-17-06

BENJAMIN A. MESITI
Counsel for Defendant
Date: 2/17/06

STEPHANIE S. BROWNE
Assistant U.S. Attorney
Date: 17 Feb 06

MARY E. ROGERS
Assistant U.S. Attorney
Chief, OCEDTF
Date: 2-17-06